Dr. Adolphus Pelley,

    Plaintiff, and all other similarly situated individuals,

v.                                                    Civil Action No.: _____

City of Athens, Tennessee,                        THIS IS THE FIRST APPLICATION FOR
Public Entity Partners                                EXTRAORINARY RELIEF
Randy Brundige,
Victor Lay,
John Holden,
Brian Stover,
Lois Preece,
Todd Smith,
Samuel (Sam) Tharpe,
Paige Brown
DaVena Hardison
Mayor Steven S. Sherlin, and
McMinn County, Tennessee,
Tennessee Comptroller, Jason Mumpower,

    Defendants,

    as well as all other Municipalities of Tennessee, as well as attorneys
    that utilize Public Entity Partners
    for their Municipal Insurance and or legal defense,
    which are not yet ascertained and which
    discovery will disclose.

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, AS WELL AS EMERGENCY INJUNCTIVE RELIEF

    Comes the Plaintiff, Dr. Adolphus Pelley, and would submit this Complaint for Damages, Declaratory Relief and Emergency Injunctive Relief.

    For cause shown, the Plaintiff would state the following to this Honorable court:

### PARTIES

1. Plaintiff, Dr. Adolphus Pelley, is a City Commissioner for Athens, Tennessee which is located in the County Seat of McMinn County.

2. Defendant, City of Athens, is a municipality located within McMinn County, Tennessee.

3. Public Entity Partners is an alleged non-profit municipal liability insurance carrier that insures the City of Athens from liability and provides defense to its covered members for litigation that arises against it or its commissioners.

4. McMinn County is the County seat for the City of Athens, and it also oversees the McMinn County Circuit Court where the ouster lawsuit against Dr. Pelley originated from.

5. Defendants, Randy Brundige, Victor Lay, John Holden, Brian Stover, Lois Preece, Todd Smith, Samuel (Sam) Tharpe, Paige Brown, DaVena Hardison consist of the named Board of Directors for Public Entity Partners.

6. Defendant Jason Mumpower is the Comptroller of the State of Tennessee and has indicated that no Tennessee citizen can seek an open records request as to the funds and audits regarding Public Entity Partners.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper before this Honorable Court. The Principal Defendant herein, Public Entity Partners, is headquartered in Franklin, Tennessee. This matter involves a request for declaratory judgment as to declaratory action regarding insurance coverage. 28 U.S.C. §§ 2201 et seq.

## FACTS GIVING RISE TO DAMAGES, DECLARATORY ACTION, AND INJUNCTIVE RELIEF

8. Dr. Pelley is a City Commissioner for the City of Athens, Tennessee has been elected Each term he has served, approximately 20 years, garnering the lion's share of the votes from the City of Athens electorate.

9. Public Entity Partners Inc. is a public non-profit insurance carrier that insured the City of Athens and its government from liability. Public Entity Partners headquarters is located in Franklin, Tennessee

10. Randy Brundige, Victor Lay, John Holden, Brian Stover, Lois Preece, Todd Smith, Samuel (Sam) Tharpe, Paige Brown DaVena Hardison make up the current Board of Directors for Public Entity Partners.

11. Dr. Pelley has been sued by Chris Caldwell, a private attorney in private practice and also, the attorney serving as the prosecutor for the City of Athens.

12. Upon information and belief, Mr. Caldwell was directly involved in denying the Dr. Pelley's claim for defense coverage on the ouster action he is the lawyer on to remove Dr. Pelley from elected office.

13. Upon information and belief, Public Entity Partners is not an insurance company. Rather, it spears that Public Entity Partners is an unlawful municipal for profit municipal insurance that pays no claims and attacks lawyers for attorney's fees and the like when the law does not support the same. ***Exhibit A.***

14. The Public Entity Partners sole purpose is to protect municipal governments and their elected officials, as well as the citizens of the municipality insured from claims. For purposes of this Complaint, Public Entity Partners owes a defense to Dr. Pelley in the underlying ouster action in McMinn County, Tennessee and is unlawfully denying the same. ***Id.*** Indeed, as a City Commissioner, Dr. Pelley relied on the retention of Public Entity Partners, as the municipal carrier for the City of Athens, that he would be provided a defense on actions such as the underlying event trying to oust him from a

duly elected position by a private attorney not the County District Attorney or the City Attorney.

15. Despite Dr. Pelley being defined as a covered party under the Public Entity Partners policy, the carrier denied his claim he made for defense coverage, which they had covered in the past for elected officials. ***Exhibit B.***

16. This resulted in Dr. Pelley, who is a doctor for psychology, not a lawyer, to defend himself pro se against the ouster lawsuit until the undersigned was hired recently. Dr. Pelley paid a $5,000 retainer fee out of his own personal funds, which he could hardly afford given the abuse he has sustained by the City of Athens, a state actor.

17. The undersigned also sent a claim to Public Entity Partners on behalf of Dr. Pelley. Public Entity Partners unlawfully denied said claim. ***Exhibit B.***

18. Dr. Pelley's trial on the ouster action is set for 10 AM, October 31, 2024 before the Honorable J. Michael Sharp, Judge for the McMinn County Circuit Court. Dr. Pelley will lose even more money at that time as he will have to pay additional attorney's fees out of his personal funds for Public Entity Partners unlawful denial of his claim for a defense counsel.

19. Should Dr. Pelley be made to undergo the ouster trail on October 31, 2024 he will be further irreparably harmed by incurring more attorney's fees and expenses out of his own pocket, a loss of personal property out of which he has a liability policy which would provide him a defense through Public Entity Partners for which the City of Athens pays premiums for.

20. Public Entity Partners never sent Dr. Pelley a reservation of rights letter just a straight summary denial with no indicia of an investigation whatsoever. ***Exhibit B.*** Further, any exclusions must be on a per occurrence basis not carte blanche denial.

21. Dr. Pelley also has a quasi-property right in his elected position as a Commissioner of the City of Athens for the time of his current term implicating the due process clause. In addition, as noted above Dr. Pelley is a defined insured under the Public Entity Partners municipal liability policy as a duly elected Commissioner of the City of Athens.

22. The Public Entity Partners policy attempts to exclude coverage for any liability involving the term "alleged," which literally would provide the municipality with no protection whatsoever for liability lawsuits, one of the sole purposes for the policy in the first instance. Moreover, such a policy is a fraud on the public which the policy also serves to protect.

23. Defendants, Randy Brundige, Victor Lay, John Holden, Brian Stover, Lois Preece, Todd Smith, Samuel (Sam) Tharpe, Paige Brown, DaVena Hardison consist of the named Board of Directors for Public Entity Partners.

24. Dr. Pelley seeks an emergency injunction herein against the current hearing set for October 31, 2024 in the McMinn County Circuit at 10 AM, otherwise Dr. Pelley will suffer irreparable damage spending his own personal funds for a defense Public Entity Partners owes a duty to Dr. Pelley under the policy. Should the matter go forward, Dr. Pelley will likely be attacked by Public Entity Partners as waiving his arguments as to coverage, making relief from other sources impossible to recover his damages. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

25. A declaratory judgement would settle the controversy by resolving the issue of indemnity. *See Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, 759 F. App'x 431, 437-38 (6th Cir. 2018); *Hoey*, 773 F.3d at 760-91; *Flowers*, 513 F.3d at 759.

26. Dustin L. Baker, who has worked in the municipal and property claims as an *executive claims adjuster*, including CAT Claims (catastrophic calamities), including the likes of Katrina, one of the worst natural disasters this Country has been impacted by in recent history. Mr. Baker has won voluminous awards in his tenure of working in the insurance industry. Mr. Baker has been an expert in the insurance municipal liability for the past 20 years.

27. Mr. Baker has opined with the declaration contained herewith that the Public Entity Partners municipal policy covers Dr. Pelley for at a minimum a defense to the ouster action filed in the McMinn County Circuit Court. ***Exhibit C.***

28. The Public Entity Partners municipal policy is against public policy and must be stricken. The way in which the policy was written basically denies every single occurrence that makes an "allegation."

29. Moreover, the Public Entity Partners denial letter is completely devoid of anything that would point toward the fact that Public Entity Partners never conducted a proper investigation and provided no findings whatsoever to Dr. Pelley.

30. Continuing, Public Entity Partners policy, in the way in which it is written, is in violation of public policy as citizens of the City of Athens that bring claims against the City for liability will be seeking relief from an empty chest. Public Entity Partners even seeks attorney's fees from litigants that bring suit against governmental entities that seek relief in Court and do not prevail, even though they should prevail on the

merits. *See United States Eastern District Civil Action, Nos.: 3:23-cv-402, 3:23-cv-2, 3:23-cv-327, United Stats Sixth Circuit Court of Appeals 24-327, 24-5918*, just to name a few which is not an exhaustive list.

31. Finally, Public Entity Partners made no investigation into this claim as it is completely devoid from the denial letter. ***Exhibit B.***

32. Not only does Dr. Pelley deserve an investigation and explanation of denial of coverage, so too do the citizens of the City of Athens that overwhelmingly have voted Dr. Pelley into office and of which their taxes paid towards.

33. Dr. Pelley's undersigned counsel sought records on audits regarding Public Entity Partners and was summarily denied. ***Exhibit D.***

34. The unlawful actions of Public Entity Partners are willful and deliberate. ***Exhibit E.***

35. Immediate discovery is needed on this matter as Public Entity Partners has already denied the public information to which they are rightfully owed. ***Id.***

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT STAY THE OUSTER ACTION SET FOR OCTOBER 31, 2024 IN THE MCMINN COUNTY CIRCUIT COURT, THAT THE COURT DECLARE THAT THE PUBLIC ENTITY PARTNERS POLICY AS ALLEGED HEREIN PROVIDES A DEFENSE FOR DR. PELLEY, THAT THE CURRENT PUBLIC ENTITY PARTNERS VIOLATES PUBLIC POLICY. FINALLY FOR COSTS AND ATTORNEY'S FEES TO BE TAXED TO THE DEFENDANTS AND THE PLAINTIFF RESERVES THE RIGHT TO AMEND THIS ACTION TO CLAIM A RACKETEERING AND CORRUPT ORGANIZATIONS ACT VIOLATION.**

Respectfully submitted,

THE EGLI LAW FIRM

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Plaintiff
11109 Lake Rideg Drive, FL3
Knoxville, TN 37934
865-274-8872
theeglilawfirm@gmail.com