IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. ADOLPHUS PELLEY, | ) |
| Plaintiff, | ) NO. 3:24-CV-01306 |
| v. | ) JUDGE RICHARDSON |
| CITY OF ATHENS, TENNESSEE, and PUBLIC ENTITY PARTNERS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is "Defendant City of Athens' Motion to Dismiss First Amended Complaint" (Doc. No. 21, "Motion"), whereby Defendant City of Athens ("Athens") seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction[1] or, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Athens supports the Motion with a memorandum of law (Doc. No. 22, "Memorandum").

Plaintiff Dr. Adolphus Pelley ("Plaintiff") responded in opposition, reasserting that he has implicated Athens in plausible claims that confer subject-matter jurisdiction. (Doc. No. 26, "Response"). Thereafter, Athens filed "Defendant City of Athens' Reply to Plaintiff's Response to its Motion to Dismiss" (Doc. No. 28, "Reply"), restating arguments from its Memorandum as well as replying to some of Plaintiff's reasserted allegations from his Response.

For the reasons stated herein, Athens's Motion is GRANTED.

---

[1] Athens's co-Defendant, Public Entity Partners, filed its own motion to dismiss for lack of subject-matter jurisdiction (or alternatively to compel arbitration), (Doc. No. 31), but the Court need not reach that motion, given the disposition of the instant Motion.

RELEVANT BACKGROUND[2]

Plaintiff has served as a self-titled "City Commissioner"[3] of Athens, Tennessee for approximately twenty years. (Doc. No. 20 at ¶ 5). Athens, a municipality in McMinn County, operates under a council-manager form of government, with policy-making authority vested in the city council. (*Id.* at ¶ 6). Its co-Defendant, Public Entity Partners, headquartered in Franklin, Tennessee, is a non-profit municipal liability insurance carrier that provides coverage and defense to Athens and its officials for litigation arising from their official duties. (*Id.* at ¶ 10, 18).

This dispute arises from an ouster action[4] filed against Plaintiff, at the behest of Athens, in McMinn County Circuit Court under Tennessee Code Annotated § 8-47-101 ("State Action"). (*Id.* at ¶¶ 11, 15). Citing *State ex rel. Complainant v. Ward*, 43 S.W.2d 217 (Tenn. 1931), Plaintiff alleges that the allegations in the complaint in State Action did not meet the legal standard for malfeasance or neglect of duty within the meaning of Article VII, Section 1 of the Tennessee Constitution, as required (according to Plaintiff) to remove a county officer from office. (*Id.*).

---

[2] The facts contained herein come from the Plaintiff's "Complaint for Declaratory Judgment" (Doc. No. 20, "Amended Complaint"), which was an amended complaint that superseded the initial complaint (Doc. No. 1). For purposes of the instant Motion and pursuant to the typical mechanisms of assessing motions under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court accepts the facts in the Amended Complaint as true, except to the extent that this Order qualifies them (as, for example, by "Plaintiff alleges") to denote that they are not being taken as true (because, for example, they are not really facts at all but rather legal conclusions) but rather are set forth to indicate what Plaintiff *claims* to be true. Throughout this Order, the Court forgoes any such qualifiers for any fact that it is accepting as true, stating those facts without qualification even with the awareness that any such alleged fact may ultimately prove false.

[3] The Court will refer to Plaintiff's position as he describes it, though it acknowledges that Athens's website lists Plaintiff and his colleagues as "Councilmember[s]." *City Council*, https://athenstn.gov/team_athens/city_council/index.php (last visited August 6, 2025).

[4] Under Tennessee Law, ouster actions serve as a mechanism to remove public officers who act unfaithfully during their terms in office. *State ex rel. Agee v. Hassler*, 264 S.W.2d 799, 800 (Tenn. 1954). "Unfaithful actions" include those of knowing or willful misconduct during their term, knowing or willful neglect of obligatory duties of the individual's respective office, public intoxication, illegal gambling, or other acts that violate penal codes and implicate general "moral turpitude." Tenn. Code Ann. § 8-47-101.

Plaintiff, who alleges that he is insured in his official capacity under a liability insurance policy (Doc. No. 20-1, "Liability Policy") issued to Athens by Public Entity Partners, submitted a claim for defense coverage in the State Action. (*Id.* at ¶¶ 11, 16, 19). Public Entity Partners denied this claim without issuing a reservation of rights letter or investigating the incident, which according to Plaintiff constitutes a breach of the policy agreement. (*Id.* at ¶¶ 19, 24). Allegedly as a consequence of Public Entity Partners's denial, Plaintiff had to defend himself pro se until he recently retained counsel and was then forced to pay a $5,000 retainer fee out of pocket for that counsel. (*Id.* at ¶¶ 18, 20). The trial of the State Action was scheduled for October 31, 2024, before the McMinn County Circuit Court. (*Id.* at ¶ 22).

On the day that the trial was scheduled to commence, Plaintiff filed this suit against Athens and Public Entity Partners. Throughout the complaint, Plaintiff makes numerous underdeveloped assertions (some or all of which may be more in the realm of legal conclusions that factual allegations), including that the Liability Policy is against public policy and (apparently)[5] that Public Entity Partners's non-profit status is illegitimate. (*Id.* at ¶¶ 14, 30). Plaintiff further alleges a "quasi-property right" that allegedly "implicat[es] the due process clause" and seemingly implies that the pursuit of (and denial of insurance coverage with respect to) the State Action violates that right. (*Id.* at ¶ 25).

Plaintiff then prays for the following relief: (1) a stay of the State Action in McMinn County Circuit Court; (2) a declaration that the Liability Policy "provides a defense" for Plaintiff's defense in the State Action; (3) a declaration that the Liability Policy and Public Entity Partners's claim-denial practices violate public policy; and (4) costs and attorney's fees. (*Id.* at 8). Originally

---

[5] The Court says "apparently" because the meaning of the cited paragraph is not entirely clear, since its sole sentence is an incomplete sentence.

representing himself pro se, Plaintiff has since obtained counsel, who filed the Amended Complaint. (*Id.*).[6] Athens then filed the instant Motion. (Doc. No. 21).

## LEGAL STANDARD

### I. Standard for Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1)

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject-matter jurisdiction, which is "always a threshold determination." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). The party invoking federal jurisdiction bears the burden of proving it exists. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015); *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005).

Motions to dismiss under Rule 12(b)(1) are categorized as either facial or factual attacks. *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack challenges the sufficiency of the complaint's allegations, requiring the district court to take the

---

[6] This Court acknowledges that Plaintiff filed his initial complaint, (Doc. No. 1), pro se and would have enjoyed the leniency that the Sixth Circuit affords pro se litigants in pleading. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, in the time between his initial complaint and filing the Amended Complaint, Plaintiff retained counsel, who signed the Amended Complaint. (Doc. No. 20). Thus, this Court does *not* afford the Plaintiff the leniency given to pro se litigants, as Plaintiff no longer qualifies as such. None of this is to say that such leniency would have saved the Amended Complaint; to the contrary, even viewed leniently, the Amended Complaint does not set forth a basis for subject-matter jurisdiction in this Court.

allegations as true. *Id.* If the complaint establishes federally cognizable claims, jurisdiction exists. *Id.* A factual attack, by contrast, raises a factual controversy regarding whether subject-matter jurisdiction exists, and where no presumptive truthfulness applies to the complaint's allegations. *Id.* In such cases, the court may weigh conflicting evidence, including affidavits, and documents, or even conduct a limited evidentiary hearing, to determine the factual predicate for jurisdiction. *Id.*; *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

In terms of the types of cases that give rise to a federal court's subject-matter jurisdiction, the Constitution recognizes two primary pathways. Cases "in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority" are deemed to have federal question jurisdiction. U.S. Const. art. III, § 2. In contrast, cases "between Citizens of different States" or "between a State, or the Citizens thereof, and foreign States, Citizens or Subjects" are deemed to be within federal courts' diversity jurisdiction. *Id*. Congress has elected to codify forms of each of these avenues into statutory language under Title 28 of the United States Code, Sections 1331 and 1332 for federal question and diversity jurisdiction, respectively.

Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships, and "courts must hold litigants to this requirement." *Akno*, 43 F.4th at 627 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)). Citizenship for purposes of 28 U.S.C. § 1332 "is synonymous not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968). For an individual (like Plaintiff), domicile requires physical presence with a present intent to indefinitely remain. *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 932 (E.D. Mich. 1998)

(citation omitted). For legal entities (such as both defendants), the rules for determining domicile depend on the kind of entity it is corporation, limited liability company, etc.).

Plaintiff nowhere contends that this action falls under diversity jurisdiction, and it is clear that the Amended Complaint (and, for that matter, the initial complaint) sets forth no allegations that would support the existence of diversity jurisdiction. Indeed, if anything, these pleadings suggest that Plaintiff and at least one of the Defendants (Athens)[7] likely are domiciled in Tennessee,[8] which if true would defeat diversity jurisdiction.

So the Court will focus its jurisdictional analysis on federal-question jurisdiction. (Doc. Nos. 20, 22, 28). Although neither side purports to say what kind of challenge to subject-matter jurisdiction is being made via the Motion, it is readily apparent that it is a facial attack rather than a factual attack because it presents only a challenge to the sufficiency of the Amended Complaint's allegations as regards subject-matter jurisdiction. The Supreme Court has insisted that a court, in determining whether it has federal question jurisdiction, consider only the information considered within a plaintiff's "well-pleaded complaint."[9] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983)).[10] "A plaintiff properly invokes § 1331 jurisdiction when

---

[7] Plaintiff does not clearly allege what kind of legal identity Public Entity Partners is; Plaintiff alleges only that is a "non-profit municipal liability insurance carrier," which does not suffice to identify any particular form of legal entity.

[8] These pleadings merely suggest this; they do not expressly allege this (or allege facts specific enough to conclusively establish the domicile of any party). But again, the pleadings do suggest this if they suggest anything at all about whether diversity jurisdiction exists in the present case.

[9] Should the plaintiff amend the initial complaint, as Plaintiff has in the instant case, the court should look to the amended complaint to assess whether jurisdiction is proper. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-474 (2007).

[10] *Royal Canin U.S.A.* makes it sound like a challenge to subject-matter jurisdiction must be a facial challenge and cannot be a factual challenge. *See* 604 U.S. at 26 ("[T]he determination of jurisdiction is

she pleads a colorable claim 'arising under' the Constitution or laws of the United States". *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-14 (2006). "Typically, an action arises under federal law if that law "creates the cause of action asserted.'" *Badgerow v. Walters*, 596 U.S. 1, 7–8, (2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). Alternatively, but atypically, a claim can arise under federal law" for purposes of § 1331, even though it is a state-law claim; to do so, the claim must "necessarily raise[ ]" a federal issue, among other requirements. *Atl. Richfield Co. v. Christian*, 590 U.S. 1, 14 (2020) (quoting *Gunn*, 568 U.S. at 258).

## II. Standard for Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)[11]

The Court must take all factual allegations within the complaint as true when reviewing a motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that survives a motion to dismiss must contain sufficient allegations of factual matter, that when accepted as true, state a facially plausible claim. *Id.* Facially plausible claims are those that have sufficient factual content such that a court may draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

On the other hand, well-pled factual allegations allow the court to assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion

---

based only on the allegations in the plaintiff's "well-pleaded complaint"—not on any issue the defendant may raise."). But the Court perceives that courts have continued to recognize a factual challenge as a permissible kind of challenge even in the wake of *Royal Canin U.S.A.* In any event, the Motion does not raise a factual challenge but rather only a facial challenge. And the proposition from *Royal Canin U.S.A.* cited here certainly applies to facial challenges.

[11] The Court includes the legal standards applicable to Rule 12(b)(6) for reference, even though the Court ultimately need not apply those standards herein.

to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the plaintiff's burden, as mere consistency does not establish the plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief, including any "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id.* at 681. Then, the question is whether the remaining allegations plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683. Notably, the Court has "no duty . . . to create a claim" that a party has "not spelled out in [a] pleading." *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007) (quoting *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation marks and parentheses omitted)).

## DISCUSSION

Athens posits that the Court should dismiss Plaintiff's suit against it for three independent reasons, First, Athens contends that because Plaintiff failed to respond to Athens's earlier motion to dismiss Plaintiff's original complaint, (Doc. No. 18), Plaintiff has waived his right to respond to any further filings by Athens, citing Local Rule 7.01(a)(3). (Doc. No. 22 at 4). With that

purported waiver, Athens now contends that this Court should grant the herein considered Motion as unopposed. (*Id.*).

In addition to the above argument, Athens moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. No. 22). Finding that it lacks subject-matter jurisdiction over this action, the Court declines to reach Athens's other two arguments.

Athens points to four general bases that potentially could support this Court's subject-matter jurisdiction over Plaintiff's claims: the Declaratory Judgment Act, the underlying and separate State Action proceedings, an insurance dispute relating to those proceedings, and "quasi-property" claims relating to Plaintiff's political position. (*Id.*) The Court agrees with Athens that none of these four bases grant the Court subject-matter jurisdiction, as it will discuss in further detail below.

First, Plaintiff attempts to raise the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., as grounds for federal subject-matter jurisdiction. (Doc. No. 20 at ¶ 4). This statute does *not* confer independent subject-matter jurisdiction on a federal court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). By its language, the Declaratory Judgment Act allows federal courts to grant declaratory judgments, but only in those cases where the issues deliberated on provided subject-matter jurisdiction by themselves. *Id.* As a district court in Tennessee noted more recently, the Declaratory Judgment Act "does not provide an independent basis of jurisdiction, thus, a court can only hear a declaratory judgment action when it is founded upon an independent ground of jurisdiction." *U.S. Specialty Ins. Co. v. Payne*, 387 F. Supp. 3d 853, 859 (E.D. Tenn. 2017) (citing *Skelly*). Therefore, this statute alone does not give this Court the ability to rule on this matter.

Second, Plaintiff raises many allegations against Athens and Public Entity Partners relating to the apparent dispute over the State Action pending against Plaintiff, (Doc. No. 20 at ¶ 15), and the ensuing dispute concerning insurance coverage for the State Action. Claims from the insurance dispute include those relating to whether Athens followed the correct pseudo-legislative protocol when it allegedly denied Plaintiff the chance to vote on insurance coverage, (*Id.* at ¶ 8), what Plaintiff claims Public Entity Partners should have provided him, (*Id.* at ¶ 9, 18), and whether Public Entity Partners should have investigated the situation, (*Id.* at ¶ 33, 34).

Neither the State Action nor various insurance-related grievances provide the Court federal-question jurisdiction over Plaintiff's claims. Plaintiff explains that the State Action pending against him stems from Tennessee Code Annotated § 8-47-101, a statute specifying what offenses provide grounds for ouster under Tennessee law, and does not allege any procedural or substantive infraction of *federal* law. (*Id.* at ¶ 15). Instead, Plaintiff cites the Tennessee Constitution, and its interpretation by the Tennessee Supreme Court, as support for his grievance that Athens applied the statute against him inappropriately. (*Id.*). Thus, considering the State Action commenced under state law and that Plaintiff offers only state precedent (without raising any federal issue) to challenge its legitimacy in federal court, this is no basis for federal question jurisdiction.

Moreover, Plaintiff's insurance claims pertain to his lack of coverage, the alleged reasons for that lack of coverage, and the scope of the coverage. (*Id.* at ¶ 9, 18). The Sixth Circuit has often described insurance disputes as primarily "questions of state law with which . . . state courts are more familiar and therefore, better able to resolve." *Scottsdale Insurance Co. v. Flowers*, 513 F.3d 546, 561 (6th Cir. 2008) (quoting *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 273 (6th Cir. 2007)); *see also United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 401 (6th Cir. 2019) (finding that insurance matters are "closely entwined with state public

policy"). Although federal courts may in some contexts rule on matters of state law absent diversity jurisdiction, those should be for issues where the "common nucleus of operative fact" for an attached federal claim applies to the adjoining state claims. *Cuno*, 547 U.S. at. 351 (quoting *Gibbs*, 383 U.S. at 725). Here, as discussed herein, there is simply no federal claim at all. Any dispute regarding insurance coverage would be a state-law claim, and not one that raises any federal issue. So here, too, no basis for federal-question jurisdiction is revealed.

Finally, Plaintiff claims he had a "quasi-property right" to his self-described position as "City Commissioner" and that this somehow—without explanation from Plaintiff— "implicat[es] the due process clause." (Doc. No. 20 at ¶ 25). The reference here to "the due process clause" is —given the state-law based grievances that underlie the Amended Complaint, including some regarding Plaintiff's potential ouster from office under Tennessee law—by no means clearly a reference to the *federal* due process clause (contained in the Fourteenth Amendment to the United States Constitution) as opposed to the *state* due process clause (contained in Article I, Section 8 of the Tennessee Constitution). Moreover, mere evocation the language of the Due Process Clause does not transform what is otherwise a state law claim into a federal one. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law.").[12] Merely because some facet of federal law is mentioned in a complaint does not mean that there is a claim in the complaint that arises under federal law for purposes of § 1331. And here, the Amended Complaint simply does not develop any claim based on *any* due process clause, let alone the *federal* due process clause.

---

[12] Plaintiff also makes other passing references to the federal tax code, (Doc. No. 20 at ¶¶ 12, 14), and federal case law, (*Id.* at ¶¶ 27, 32). However, for the reason specified above, these also cannot confer subject-matter jurisdiction upon the Court. *See Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995).

Stepping back from these four potential (but not actual) bases for subject-matter jurisdiction and looking at the issue more broadly, the Court simply cannot see where anything in the Amended Complaint that is recognizable as a claim is tied in any way to any federal law or federal issue. The Federal Rules of Civil Procedure require the Court to construe pleadings "so as to do justice," Fed. R. Civ. P. 8(e), but they neither require nor permit the Court to recognize the existence of a claim arising under federal law where, under applicable law, there is none.

Therefore, the Court finds that the allegations of the Amended Complaint do not assert any claims arising under federal law and that therefore federal-question jurisdiction under 28 U.S.C. § 1331 does not exist in this case. Accordingly, since there exists neither diversity jurisdiction nor federal question jurisdiction, this Court does not have subject-matter jurisdiction to hear this case.

## CONCLUSION

For the reasons stated herein, the Court finds that it lacks subject-matter jurisdiction. Accordingly, the Motion (Doc. No. 21) is **GRANTED**, and this action is dismissed without prejudice.[13]

The Clerk is directed to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[13] *Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 176 (6th Cir. 2022) (where district court lacks jurisdiction to decide the merits of a claim, it should be dismissed without prejudice); *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576-77 (6th Cir. 2010) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir.2001))).

The Court notes that had it somehow found federal-question jurisdiction, the Amended Complaint well might have been dismissed under Rule 12(b)(6), in which case dismissal might have been with prejudice. But as indicated herein, the Court did not need to go that far and thus makes no determination as to whether dismissal under Rule 12(b)(6) is appropriate.